IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



| | |
|---|---|
| **XITRONIX CORPORATION,**<br>    Plaintiff, | |
| -vs- | Case No. A-11-CA-358-SS |
| **KLA-TENCOR CORPORATION, Individually<br>and d/b/a KLA-Tencor, Inc.; SEMATECH, INC.;<br>and JAMES MARTIN PRICE,**<br>    Defendants. | |

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Xitronix Corporation's Motion to Remand [#9], Defendants' responses [#10, 11] thereto, and Xitronix's reply [#13]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders GRANTING Xitronix's motion and REMANDING this case to the 419th Judicial District Court.

### Background

On March 31, 2011, Xitronix filed this lawsuit in the 419th Judicial District Court, Travis County, Texas, alleging state law causes of action for business disparagement, tortious interference, and unlawful restraint of trade. These claims are related to a prior dispute between Xitronix and Defendant KLA regarding Xitronix's alleged infringement of certain claims in United States Patent Number 7,362,441 ("the '411 patent")—a dispute which was resolved in Xitronix's favor by a jury

trial in this Court in Cause Number A-08-CA-723-SS.[1] Xitronix's claims in this case are based on KLA's conduct in and surrounding this prior lawsuit, including: (1) KLA's alleged knowing false statements of infringement of the '411 patent by Xitronix; and (2) KLA's alleged bad faith use of litigation to impair Xitronix's business operations.

On April 29, 2011, Defendants removed to this Court, purporting to invoke 28 U.S.C. § 1338(a), which gives federal district courts jurisdiction over, among other things, "any civil action arising under any Act of Congress relating to patents." Defendants argue because resolution of Xitronix's claims will require resolution of a substantial question of patent law, the statute gives this Court jurisdiction over this case.

On May 19, 2011, Xitronix filed its motion to remand. Xitronix takes issue with Defendants' contentions, arguing the only substantial question of patent law—whether Xitronix infringed KLA's patent—has already been answered in the negative in Cause Number A-08-CA-723-SS, both by the jury's verdict of invalidity due to anticipation and obviousness, and by this Court's independent conclusion of invalidity due to indefiniteness. Thus, Xitronix argues, the only patent-related issues raised by its causes of action—such as whether Defendants knew their statements about infringement were false when they made them—fall well outside the scope of 28 U.S.C. § 1338(a). The Court agrees with Xitronix.

---

[1] The jury in that case found all asserted claims in the '411 patent were invalid due to anticipation or obviousness. The Court further concluded these claims were invalid because they were indefinite.

## Analysis

### I.  Plaintiff's Claims

As noted above, Plaintiffs allege claims under Texas state law for business disparagement, tortious interference, and unlawful restraint of trade. The Court discusses the required elements of these claims below.

### A.  Business Disparagement

"To prevail on a business disparagement claim, a plaintiff must establish that (1) the defendant published false and disparaging information about it, (2) with malice, (3) without privilege, (4) that resulted in special damages to the plaintiff." *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003).

With respect to element (3), federal law allows a patentee to "give notice to the public that [an invention] is patented," and further provides "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter . . . ." 35 U.S.C. § 287(a). To allow a patentee to protect its rights without being subject to lawsuits, courts have recognized "a patentee's statements regarding its patent rights are conditionally privileged under the patent laws, so that such statements are not actionable unless made in bad faith." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999). Although "[e]xactly what constitutes bad faith remains to be determined on a case by case basis . . . if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Id.* at 1354.

B.  **Tortious Interference**

To prevail on a claim of tortious interference with prospective business relations, a plaintiff must establish: (1) a reasonable probability the parties would have entered into a contractual relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of his conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference. *Faucette v. Chantos*, 322 S.W.3d 901, 914 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

C.  **Unlawful Restraint of Trade**

Texas law imposes a broad prohibition on anti-competitive practices: "Every contract, combination, or conspiracy in restraint of trade or commerce is unlawful." TEX. BUS. & COM. CODE ANN. § 15.05(a). However, "[t]he Texas Antitrust Act does not prohibit all restraints of trade; instead, it prohibits only those that restrain trade unreasonably." *Marlin v. Robertson*, 307 S.W.3d 418, 427 (Tex. App.—San Antonio 2009, no pet.). "To establish that a defendant contracted, combined, or conspired in restraint of trade in violation of section 15.05(a), a plaintiff must show that the alleged contract, combination, or conspiracy is unreasonable and has an adverse effect on competition in the relevant market." *Id.*

II.  **Defendants' Arguments**

A.  **Collateral Estoppel**

Xitronix claims Defendants are collaterally estopped from challenging the one genuine issue of patent law in this case—namely, the question of whether Xitronix infringed KLA's '411 patent.

Defendants disagree. First, KLA argues the patent issue in this case—specifically, the issue of privilege—is not identical to any of the issues in Cause Number A-08-CA-723-SS; consequently, KLA argues, collateral estoppel does not apply and a genuine patent issue exists in this case. Second, Defendants SEMATECH and Price argue they are not collaterally estopped from litigating anything in this case because they were not parties to the prior case. The Court disagrees with Defendants.

While Defendants SEMATECH and Price may be correct they are not *collaterally estopped* from challenging the validity of the '411 patent claims or the question of Xitronix's infringement, they are nevertheless unable to relitigate such claims here. The judgment in Cause Number A-08-CA-723-SS, which was not appealed, declared certain claims in the '411 patent invalid. Because an invalid patent claim neither creates nor protects any rights, such a claim cannot be infringed. Therefore, by definition, any statement by Defendants that Xitronix infringed the invalid '411 patent was false.

Accordingly, the Court need not address Defendants' collateral estoppel arguments—Defendants are prevented from relitigating the validity of the '411 patent claims not because they are collaterally estopped from doing so, but because an unappealed final judgment in a prior lawsuit has rendered those claims invalid as a matter of law.

**B.     Patent Law Issues**

As the Court recited above in its discussion of Xitronix's claims, the mere fact Defendants' alleged statements were false is not enough to establish Defendants' liability under any cause of action in this case. With respect to its business disparagement claim, Xitronix must show Defendants made the alleged statements in bad faith. Similarly, to prevail on its tortious interference

claim, Xitronix must show, among other things, an independently tortious or unlawful act by Defendants that prevented a contractual relationship from being formed. Finally, with respect to Xitronix's restraint of trade claim, it must show Defendants' conduct was unreasonable and had an adverse effect on competition in the relevant market.

Contrary to Defendants' arguments, none of these issues—bad faith, independently tortious or unlawful conduct, or unreasonable acts adversely affecting competition—have any substantial relationship to federal patent law. Indeed, such issues are far more frequently decided by Texas state courts than they are by this Court. To the extent patent issues will be raised in this case, they will be tangential and well within the competence and jurisdiction of the state court.

The Court has serious doubts about Xitronix's ability to prevail on its causes of action; however, that is an issue for the state court and, if necessary, a jury. By contrast, the Court has no doubts about the one issue it must decide, namely whether Defendants have asserted a valid basis for federal subject matter jurisdiction: they have not.

## Conclusion

Because Xitronix's claims in this lawsuit do not arise under the patent laws of the United States, 28 U.S.C. § 1338(a) cannot serve as a basis for federal court jurisdiction. Because Defendants cited no other bases for jurisdiction in their notice of removal, the Court concludes it lacks subject matter jurisdiction over this case. Consequently, this suit must be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

IT IS ORDERED that Plaintiff Xitronix Corporation's Motion to Remand [#9] is

GRANTED;

IT IS FINALLY ORDERED that this case is REMANDED to the 419th Judicial District Court, Travis County, Texas.

SIGNED this the 6th day of July 2011.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE